Marguerite TURNER *v.* BAPTIST MEDICAL CENTER et al

82-19                                                      631 S.W. 2d 275

Supreme Court of Arkansas
Opinion delivered April 5, 1982
[Rehearing denied May 10, 1982.]

*Ernie Witt,* of *Witt & Donovan,* for appellant.

*Friday, Eldredge & Clark,* by: *Phillip Malcom* and *Laura A. Hensley,* and *Barber, McCaskill, Amsler, Jones & Hale,* for appellees.

GEORGE ROSE SMITH, Justice. Marguerite Turner brought this tort action against Baptist Medical Center, a non-profit institution, alleging false imprisonment and assault and battery in that the defendant had illegally confined Mrs. Turner to its hospital from May 15 to May 31, 1978, and had mistreated her. Later on Mrs. Turner joined as defendants the Medical Center's liability insurer and Dr. Charles S. Betts, the psychiatrist who had requested that Mrs. Turner be admitted to the Medical Center for observation and treatment. On motion for summary judgment the trial court found no genuine issue of fact to exist and entered summary judgment in favor of the Medical Center and its insurer. The court also sustained Dr. Betts' motion to dismiss the complaint as being barred by the statute of limitations. The appeal comes to us under Rule 29 (1) (o).

We consider first the judgment in favor of Dr. Betts, on the basis of limitations. Dr. Betts was first brought into the case on May 12, 1980, by an amended complaint asserting false imprisonment, assault and battery, and "intentional infliction of mental and emotional distress." That pleading was filed almost two years after Mrs. Turner's asserted

confinement and physical mistreatment; so it was barred by the one-year statute of limitations applicable to actions for false imprisonment and for assault and battery. Ark. Stat. Ann. § 37-201 (Repl. 1962). No facts were alleged that would make the assertion of mental and emotional distress anything more than an element of damage flowing from the imprisonment and mistreatment; so the same one-year statute would apply. More than three years after Mrs. Turner's release from the Medical Center she filed a second amended complaint alleging for the first time negligence on Dr. Betts' part, but by then any cause of action for negligence was barred either by the two-year statute applicable to medical malpractice, § 37-205, or by the three-year statute applicable to actions for personal injuries. § 37-206. It is also argued that Dr. Betts is estopped to plead limitations, but that argument is based on facts assertedly in the record but not abstracted by the appellant. Dr. Betts has elected not to supplement the appellant's deficient abstract; so Rule 9 precludes us from considering this estoppel argument on its merits.

With respect to the Medical Center and its insurer, they have chosen to abstract all the affidavits supporting their motion for summary judgment. We need not detail this proof. It sets forth specific facts to show that Mrs. Turner, then age 58, was properly admitted to the Medical Center pursuant to Ark. Stat. Ann. § 59-408 (B) and (C) (Repl. 1971), on the certification of Dr. Betts; that Dr. Betts is a qualified psychiatrist who diagnosed Mrs. Turner as being psychotic, under delusions, a threat to herself and others, and in need of observation and treatment at the Medical Center; that Dr. Betts' diagnosis is confirmed by Dr. Kolb, a disinterested expert witness; that Mrs. Turner's nephew took the initiative in putting her in the hospital; and that the Medical Center did not subject Mrs. Turner to false imprisonment or assault and battery. Various supporting hospital records were also attached to the motion.

The proof in support of the summary judgment made a prima facie showing that no genuine issue of fact exists. In response, Mrs. Turner filed only her own affidavit, stating in conclusory language that the defendants' affidavits were not

true, that she had not been a danger to herself, and that the hospital records were not correct. Her affidavit does not indicate that she is qualified as an expert to testify about her mental condition.

Our summary judgment procedure, ARCP Rule 56 (e), which follows the parallel federal rule, requires that proof offered to meet a properly supported motion for summary judgment "must set forth *specific facts* [our italics] showing that there is a genuine issue for trial." The affidavits must set forth facts that would be admissible in evidence. Rule 56 (e). Affidavits that consist merely of general denials, without any statement of specific facts, are insufficient. *Stevens* v. *Barnard,* 512 F. 2d 876 (10th Cir., 1975); *Liberty Leasing Co.* v. *Hillsum Sales Corp.,* 380 F. 2d 1013 (5th Cir., 1967); *Robin Construction Co.* v. *United States,* 345 F. 2d 610 (3rd Cir., 1965). Indeed, that must be the rule, else every motion for summary judgment, however strongly supported by the proof, could be defeated by an affidavit merely stating: "The statements in the movant's affidavits are not true." In substance, that is all this appellant's responsive affidavit amounts to. The trial judge correctly granted the motion for summary judgment.

Affirmed.