BETHEL BAPTIST CHURCH, et al. *v.* CHURCH MUTUAL INSURANCE COMPANY

CA 95-197                                                     924 S.W.2d 494

Court of Appeals of Arkansas
Division I
Opinion delivered June 26, 1996

*Wright, Lindsey & Jennings,* by: *Wendell L. Griffen* and *Troy A. Price,* for appellants.

*Laser, Wilson, Bufford & Watts, P.A.,* by: *Richard N. Watts,* for appellee.

JACK W. HOLT, JR., Special Judge. Trustees on behalf of Bethel Missionary Baptist Church (Bethel Church) sued its property and liability carrier, Church Mutual Insurance Company (Church Mutual), for breach of contract and bad faith in not paying a fire loss that Bethel Church sustained to its building and property. After conducting a hearing on Church Mutual's motion to dismiss, the trial court entered an order dismissing Bethel Church's complaint without prejudice. An appeal followed, and an opinion was filed and published by the Arkansas Court of Appeals. Petition for rehearing was granted, and the Court's opinion was vacated on May 8, 1996, and the appeal reinstated. As a result, we now have before us the question as to whether or not the trial court abused its discretion in dismissing Bethel Church's lawsuit. The answer is yes.

In December 1990, the parties entered into a property and liability contract. In February 1993, while the policy was still in effect, Bethel Church sustained $80,000 in damage to its building and an additional $20,000 in property damage as a result of a fire. The loss was timely reported; however, disagreements arose over certain provisions of the policy relating to the insurance company's investigation of the fire and the conducting of examinations of certain individuals under oath. Unable to resolve the dispute, Bethel Church filed its complaint alleging a breach of contract by refusing to pay its claim and that Church Mutual had exercised bad faith in its refusal to pay the claim.

After receiving the briefs for the parties and conducting a hearing on Bethel Church's motion to dismiss, the trial court entered the following order: "Presently before this Court is [Church Mutual's] motion to dismiss. After consideration of the arguments of counsel, and a review of the evidence, the Court finds that the complaint should be dismissed without prejudice."

Although the trial court failed to mention its authority for dismissing Bethel Church's complaint, it is obvious to us that it was responding to Church Mutual's formal "Motion to Dismiss" and "Brief in Support of Motion to Dismiss," which brings into play Ark. R. Civ. P. 12(b)(6) inasmuch as the court used Rule 12(b)(6) language in its discussion as to whether or not the complaint was sufficient and in ultimately dismissing the lawsuit. *See Poston* v. *Fears*, 318 Ark. 659, 662, 887 S.W.2d 520 (1994).

Arkansas Rule of Civil Procedure 12(b)(6) provides the

authority for the trial court to grant such a dismissal. However, in determining whether to dismiss a complaint under this rule, it is improper for the trial court to look beyond the complaint to decide the motion to dismiss, *Guthrie* v. *Tyson Foods, Inc.*, 285 Ark. 95, 96, 685 S.W.2d 164 (1985), and for this reason, we disregard the fact that the trial court may have done so.

■ Simply put, in order to properly dismiss the complaint, the trial court would had to have found that the complaining parties either (1) failed to state general facts upon which relief could have been granted or (2) failed to include specific facts pertaining to one or more of the elements of one of its claims after accepting all facts contained in the complaint as true and in the light most favorable to the nonmoving party. *See Perrodin* v. *Rooker*, 322 Ark. 117, 120, 908 S.W.2d 85 (1995). This was not done.

■ Arkansas Rule of Civil Procedure 8(a) provides that a pleading "shall contain (1) a statement in ordinary and concise language of facts showing that the court has jurisdiction of the claim and is the proper venue and that the pleader is entitled to relief, and (2) a demand for the relief to which the pleader considers himself entitled." In addition, it is well recognized that pleadings are to be liberally construed and are sufficient if they advise a party of its obligations and allege a breach of them. *Deitsch* v. *Tillery*, 309 Ark. 401, 405, 833 S.W.2d 760 (1992).

■ Bethel Church has asserted claims for breach of contract of insurance and bad faith on the part of Church Mutual. In both instances, requirements were met. Examination of the pleadings reflect that the complaint asserted jurisdiction, venue, the existence of a valid and enforceable contract between the parties, the obligations of the insurance carrier, a claim of violations by the carrier, and damages resulting to the claimant from the breach. *See Rabalaias* v. *Barnett*, 284 Ark. 527, 528-29, 683 S.W.2d 919 (1985). Likewise, the elements for a claim for bad faith were properly pled: affirmative misconduct by the insurance company, in bad faith, and malicious or oppressive attempt to avoid liability under the policy. *See Williams* v. *Joyner-Cranford-Burke Constr. Co.*, 285 Ark. 134, 139, 685 S.W.2d 503 (1985).

■ Church Mutual's contention that it cannot be sued for breach of contract because a condition precedent in the contract has not been complied with is of no moment. The complaints filed on

behalf of Bethel Church state causes of action for which relief may be granted. Thus, the trial court was wrong in granting Church Mutual's motion to dismiss.

Church Mutual further argues that the dismissal without prejudice is not a final order and is not appealable, citing numerous authorities to the effect that the test of finality, and thus of appealability, is whether the order ends the litigation or a substantial branch of it. Suffice it to say that the dismissal of this lawsuit ended the litigation. The trial court's order is appealable.

Reversed and remanded.

LESSENBERRY and PRICE, Special Judges, agree.