## Jim and Jeannie PENTZ *v.* Al and Chris ROMINE, Lloyd Stone, Individually, Ron and Sharon Marable, and Marable–Stone, Inc.

CA 97-1145                                              966 S.W.2d 934

Court of Appeals of Arkansas
Division I
Opinion delivered April 29, 1998

*Harry McDermott*, for appellants.

*Everett & Mars*, by: *David D. Stills* and *John C. Everett*, for appellees.

SAM BIRD, Judge. Jim and Jeannie Pentz appeal a decision of the chancery court that dismissed their complaint for specific performance against Ron and Sharon Marable and Marable-Stone, Inc. Since the property involved in the suit has been sold in a foreclosure sale, we dismiss the appeal because it is moot.

In 1990 appellants Jim and Jeannie Pentz entered into a real estate sales contract with Al and Chris Romine in which the Pentzes purchased a convenience store in Springdale from the

Romines, and the Romines financed the transaction. In March 1996, the Pentzes entered negotiations with Marable-Stone, Inc., as represented by its officers Lloyd Stone and Ron Marable, to sell the convenience store. A document entitled "Agreement to Lease/Purchase" was prepared by Ron Marable and faxed to appellants, who made some handwritten changes, and faxed it back to Marable. Although appellants and Ron Marable testified they had a deal, the last sentence in the last typed paragraph of the faxed document stated, "A formal contract between the parties shall be executed within ten (10) business days of this date."

Ron Marable then contacted his attorney to prepare a formal document incorporating the parties' agreement. It just so happened that Marable's attorney was also Al Romine's attorney, and had prepared the real estate sales contract for Romine and the Pentzes. Consequently, he was aware that their contract contained a clause that required the Pentzes to obtain the written consent of Al Romine before they could encumber or hypothecate the convenience store in any way. Therefore, the document he prepared for Marable had a specific clause for Romine's approval of the lease/sale. However, Romine refused to consent to the sale, and threatened to sue Marable-Stone if the other parties attempted to go through with the transaction. He testified that he told everyone involved from the time he knew about the Pentzes' plan to sell the property to Marable-Stone that he would not finance a sale for anyone else. Marable-Stone then refused to go through with the purchase.

Appellants filed suit in Washington County Chancery Court against Ron and Sharon Marable, husband and wife, Lloyd Stone, individually, and Marable-Stone seeking specific performance, and against the Romines for damages for tortious interference with the appellants' contractual relations. The Romines filed a counterclaim against appellants seeking foreclosure, alleging that appellants were in default of the real estate sales contract. Subsequently, appellants voluntarily nonsuited their complaints against Lloyd Stone, individually, and the Romines. The case went to trial on April 3, 1997, on the remaining claims of appellants against the Marables and Marable-Stone and the Romines' counterclaim against appellants for foreclosure. The appellants admitted they

had breached the real estate sales contract with the Romines. On April 16, 1997, judgment for foreclosure was entered for the Romines on their counterclaim against appellants, and the appellants' claims against the Marables and Marable-Stone were dismissed.

Appellants' first two arguments on appeal allege error in the chancellor's dismissal of their claim for specific performance against Marable-Stone. We do not address these arguments because we must dismiss this appeal for mootness.[1] On May 12, 1997, the property was sold at public sale by the Commissioner, pursuant to an order of the court, to Littlefield Oil Company.

A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Stair v. Phillips*, 315 Ark. 429, 435, 867 S.W.2d 453 (1993); *Coleman's Serv. Ctr. v. FDIC*, 55 Ark. App. 275, 935 S.W.2d 289 (1996); *see also Martin Farm Enters., Inc. v. Hayes*, 320 Ark. 205, 210, 895 S.W.2d 535 (1995). With few exceptions, the appellate court will not address moot issues. *Coleman's, supra*; *Leonards v. E.A. Martin Mach. Co.*, 321 Ark. 239, 246, 900 S.W.2d 546 (1995); *Wright v. Keffer*, 319 Ark. 201, 203, 890 S.W.2d 271 (1995); *Kinkead v. Union Nat'l Bank*, 51 Ark. App. 4, 19, 907 S.W.2d 154 (1995). Even if we agreed with appellants' arguments and reversed, because of the foreclosure action it would be impossible for the contract between Marable-Stone and appellants to be specifically performed because appellants cannot deliver title to the property. *See McIllwain v. Bank of Harrisburg*, 18 Ark. App. 213, 713 S.W.2d 469 (1986); *see also DeHaven v. T & D Dev., Inc.*, 50 Ark. App. 193, 901 S.W.2d 30 (1995).

Appeal dismissed.

ROBBINS, C.J., and ROAF, J., agree.

---

[1] Appellants' third argument is that we must remand for the chancellor to determine if the real estate contract was tortiously interfered with by appellee Romine. Because their complaint against the Romines for tortious interference was nonsuited before the trial, this issue is not before us.