Jim PENTZ and Jeannie Pentz *v.*
Al ROMINE and Chris Romine

CA 01–363 57 S.W.3d 235

Court of Appeals of Arkansas
Division II
Opinion delivered October 24, 2001

*Harry McDermott*, for appellants.

*Ball & Mourton, Ltd., PLLC*, by: *David G. Bercaw*, for appellees.

Sᴀᴍ Bɪʀᴅ, Judge. On October 9, 1990, James and Jeannie Pentz (Pentz) entered into a contract to purchase a convenience store from Al and Chris Romine (Romine) for $325,000. The contract required Pentz to make a down payment of $4,000 and monthly payments of $3,300, including interest, until the balance of the purchase price was paid. The contract contained a provision stating that the property was not to be "sold, mortgaged, assigned, or in any way encumbered or hypothecated without the prior written consent of the seller." In 1996, Pentz found a buyer for the store, Marable-Stone, Inc. (MSI), who offered to pay Pentz $290,000 more than Pentz had agreed to pay Romine for the property. Pentz and MSI agreed to a lease-purchase plan by which MSI was to pay Pentz a $50,000 down payment, followed by monthly lease payments of $3,446 for 179 months. At the end of the 179-month term, MSI would have an option to purchase the property upon payment of an additional $3,500.

Romine refused to consent to the Pentzes' lease of the property to MSI and threatened to sue MSI if it leased the property from Pentz without Romine's permission. Pentz discontinued his monthly payments to Romine and brought suit against Romine, alleging that Romine tortiously interfered with his contractual relations with MSI and that Romine had wrongfully withheld consent to the lease-purchase agreement with MSI. In the same action, Pentz also sued MSI for specific performance of the lease-purchase agreement. Romine counterclaimed, seeking foreclosure on the property. Pentz then voluntarily nonsuited his complaint against Romine. The parties litigated the Pentzes' complaint against MSI for specific performance and Romine's counterclaim for foreclosure.

The trial court dismissed the Pentzes' claim against MSI for specific performance, finding that the lease-purchase agreement lacked essential elements of a contract. The court also ruled that Pentz had breached the contract with Romine by failing to make

any payments since April 12, 1996, and by failing to pay real-property taxes and maintain insurance coverage on the property, and ordered the property sold. Following the Pentzes' unsuccessful appeal, *see Pentz v. Romine*, 62 Ark. App. 12, 966 S.W.2d 934 (1998), Pentz filed the present action against Romine for breach of contract, alleging that Romine was aware that MSI would be a responsible tenant but, nevertheless, objected to the lease-purchase arrangement and threatened to sue MSI if they entered into the lease-purchase; and that Romine acted in bad faith because the real reason consent was withheld was to enable Romine to regain the store and sell to MSI.

Romine filed a motion to dismiss, contending that the suit was barred by *res judicata* because the breach of contract cause of action was a compulsory counterclaim to the prior foreclosure suit and was not raised in that suit. The court granted Romine's motion to dismiss, finding that the Pentzes' nonsuited complaint in the first action did not state a cause of action for breach of contract; thus, the present breach of contract claim was barred by *res judicata* because it was a compulsory counterclaim to the foreclosure suit.

### Sufficiency of the Complaint

■ ■ The dispositive issue of this case is whether the nonsuited complaint in the first action asserted a cause of action for breach of contract. A nonsuited complaint may be refiled within the time permitted by the statute of limitations or one year, whichever is longer. *See* Ark. Code Ann. § 16-56-126 (1987); *Elzea v. Perry*, 340 Ark. 588, 12 S.W.3d 213 (2000). Pentz filed his present complaint within the time allowed by the statute of limitations. When a complaint is filed subsequent to a nonsuit of the same complaint, it is well established under Arkansas law that, even though the prior complaint may have been a compulsory counterclaim to a claim brought within the original suit, it is not barred by *res judicata*. Our supreme court has clearly held that the nonsuiting of a complaint or a counterclaim prevents the application of *res judicata* due to the absolute right of a party to nonsuit that is granted under Ark. R. Civ. P. 41. *See Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991) (holding that a nonsuited malpractice claim, which would be a compulsory counterclaim to the claim for attorney's fees which was presented as a counterclaim, could be filed again without *res judicata* consequences); *Linn v. NationsBank*, 341 Ark. 57, 14 S.W.3d 500 (2000) (applying the same law to nonsuited counterclaims). Therefore, if the nonsuited complaint asserted a breach of contract cause

of action, then under *Linn*, the present complaint is not barred by *res judicata*.

■ Pentz argues that his nonsuited complaint against Romine should be liberally construed so as to assert a breach-of-contract action. It is well recognized that pleadings are to be liberally construed and are sufficient if they advise a party of its obligations and allege a breach of the obligations. *Bethel Baptist Church v. Church Mut. Ins. Co.*, 54 Ark. App. 262, 924 S.W.2d 494 (1996). The Pentzes' nonsuited complaint clearly asserted a breach-of-contract cause of action against MSI when the complaint stated that MSI "failed and refused to specifically perform their contractual obligations with the plaintiffs." However, as against Romine, even construing the complaint liberally, there was no allegation of a breach of contract. The complaint alleged that the actions of Romine constituted tortious interference with contractual relations. At no point in the complaint did Pentz allege that Romine had a contractual obligation to give consent to the lease and that the refusal of consent constituted a breach of that obligation.

■ Even though we interpret pleadings liberally, the pleadings must advise the adverse party of its obligation and allege a breach of the obligation. *See id.* The nonsuited complaint does not meet this test. The complaint clearly alleged tortious interference with a contract. That Romine "wrongfully withheld consent" is most logically interpreted as an allegation of the means by which Romine allegedly interfered with the contract between Pentz and MSI. Thus, there was no notice to Romine that by withholding consent, a contractual obligation was breached. Furthermore, there is nothing in the Pentz-Romine contract that imposed any obligation on Romine not to withhold consent; rather, the contract prohibited transfer of the property by Pentz without Romine's consent. Therefore, a liberal interpretation of the pleadings cannot encompass a breach-of-contract claim against Romine because no allegations in the complaint provided sufficient notice to Romine of a contractual obligation and a breach of such obligation.

*Compulsory Counterclaim*

Arkansas Rule of Civil Procedure 13(a) states that:

> [a] pleading shall state as a counterclaim any claim which, at the time of filing the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the

> subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

In *Linn v. NationsBank, supra,* the predecessor-in-interest to NationsBank contracted to provide construction financing loans to the Linns. After construction was complete, a dispute arose over the terms of the permanent financing and the Linns discontinued making interest payments on the construction loan. The bank filed a foreclosure action and the Linns counterclaimed with breach of contract and other claims. The foreclosure was granted, as well as the Linns' motion to nonsuit their counterclaims. The Linns then filed suit again, alleging the same causes of action as originally asserted in their counterclaim, and additionally including breach-of-good-faith and breach-of-fiduciary-duty causes of action, which were not raised in the original suit.

■ The court dismissed the breach-of-good-faith and breach-of-fiduciary-duty causes of action because it found that these newly brought causes of action were compulsory counterclaims to the foreclosure action and thus barred by *res judicata.* In discussing compulsory counterclaims, the court stated that "the purpose for this rule is to require parties to present all existing claims simultaneously to the court or be forever barred, thus preventing a multiplicity of suits arising from one set of circumstances." *Id.* The court found that the newly raised breach-of-good-faith and breach-of-fiduciary-duty causes of action were compulsory counterclaims because "[the claims] arise directly from the financing transactions and a logical relationship exists between the foreclosure, the counterclaim, and the subsequent complaint." *Id.*

■ The present breach-of-contract claim was a compulsory counterclaim to the foreclosure action. The foreclosure action arose from the failure of Pentz to meet his contractual obligation to pay Romine the agreed payments on the real estate. An allegation that Romine breached that same contract would be a compulsory counterclaim because, as Rule 13 articulates, the alleged breach arose out of the same transaction or occurrence and would not require the presence of third parties over which the court could not obtain jurisdiction. A logical relationship existed between the foreclosure action and the alleged breach-of-contract claim, for both claims arose from an alleged breach of the same sales contract.

## Res Judicata

 Because the breach-of-contract claim was not pled in the foreclosure action, it is now barred by the claim-preclusion element of *res judicata*. Claim preclusion forecloses relitigation in a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involved the same claim or cause of action; and (5) both suits involved the same parties or their privies. *Id.* Additionally, claim preclusion bars not only the relitigation of issues that were actually litigated in the first suit but also those that could have been litigated, but were not. *Id.* A party is obligated to assert compulsory counterclaims or be precluded through *res judicata* from raising them in a subsequent action. *Arkansas Game & Fish Comm'n v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987); *Olmstead v. Rosedale Bldg. & Supply*, 229 Ark. 61, 313 S.W.2d 235 (1958). When the case at bar is based on the same events and subject matter as the previous case, the trial court is correct to find the present case is barred by *res judicata. See Arkansas La. Gas Co. v. Taylor*, 314 Ark. 62, 858 S.W.2d 88 (1993). One of the main purposes of the doctrine of *res judicata* is to put an end to litigation by precluding a party who has had the opportunity for one fair trial from drawing the same controversy into issue a second time before the same or different court. *Bankston v. McKenzie*, 288 Ark. 65, 702 S.W.2d 14 (1986).

 The court had proper jurisdiction over the foreclosure action, and it resulted in a judgment on the merits. There is no assertion that the action was not defended in good faith. As discussed previously, the breach-of-contract claim presently asserted by Pentz involved the same cause of action that should have been raised as a counterclaim in the previous suit, but was not, thus constituting a waived compulsory counterclaim. The present suit and the foreclosure action involved both Romine and Pentz, the same parties as in the prior suit. Therefore, the claim-preclusion element of *res judicata* forecloses relitigation of the Pentzes' breach-of-contract claim in the present suit.

## Summary

The nonsuited complaint did not allege a breach-of-contract cause of action. The breach-of-contract cause of action asserted in the present suit arose out of the same contract from which the

foreclosure action arose in the nonsuited lawsuit, and a logical relationship existed between the foreclosure action and the Pentzes' breach-of-contract cause of action. Thus, the Pentzes' breach-of-contract cause of action was a compulsory counterclaim to Romine's foreclosure action. Therefore, because the compulsory counterclaim was not raised in the previous foreclosure action, Pentz is barred from raising it in a subsequent suit; accordingly, we affirm the trial court's dismissal of the case on the ground of *res judicata*.

Affirmed.

GRIFFEN and CRABTREE, JJ., agree.