Cite as 2017 Ark. App. 153

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-534

|  |  |
|---|---|
| LARRY DEWAYNE HEINRICH AND SETH HEINRICH | **Opinion Delivered** March 8, 2017 |
| APPELLANTS | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-13-253] |
| V. | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| ALLISON ANDERS | |
| APPELLEE | REMANDED TO SUPPLEMENT THE RECORD AND ADDENDUM; REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Appellants Larry Heinrich and Seth Heinrich appeal the Jefferson County Circuit Court's findings of fact and conclusions of law entered on June 2, 2016, in which the court found (1) that David Myhand breached the contract for the sale of real property, located at 6712 Sheridan Road, Pine Bluff, Arkansas, that he entered into with Larry and appellee Allison Anders;[1] (2) that Larry fraudulently transferred the property to Seth, Larry and Allison's son; (3) that Allison's March 5, 2001 power of attorney in favor of Larry was not used in the conveyance of the property; and (4) that the unrecorded and unsigned assignment of the real estate contract did not meet the requirements of the statute of frauds. We cannot reach the

---

[1]Larry and Allison were married at the time they entered into the contract with David. They divorced in January 2012.

merits of the appeal because essential documents were omitted from the record and addendum. We remand to supplement the record and addendum, and we order rebriefing.

On May 16, 2013, Allison filed this action against Larry, Seth, and David alleging that David was in breach of the contract for the sale of real property that he entered into with Larry and Allison on May 4, 2009. Her complaint also alleged that Larry had fraudulently conveyed the property to their son, Seth. At a September 23, 2014 hearing, counsel for Larry and Seth moved for dismissal, arguing that the circuit court lacked jurisdiction to hear the case because the disposition of the property had been adjudicated as part of Larry and Allison's prior divorce proceeding; thus, Allison's claim was barred by res judicata. During the hearing, the circuit court requested a copy of the divorce file, reviewed it, suspended the hearing, and ordered the parties to file briefs on the jurisdiction issue.

On January 12, 2015, the circuit court entered a letter opinion, citing paragraph two of the parties' 2012 divorce decree and stating that "the decree did not address any specific real property, either by reference or otherwise." The court, in its letter opinion, further found that res judicata did not apply to Allison's cause of action for breach of contract because the matter had not previously been adjudicated. After a second hearing on April 4, 2016, the circuit court entered its findings of facts and conclusions of law. This appeal followed.[2]

Larry and Seth's first point on appeal is that the circuit court erred in finding that res judicata did not apply and that the circuit court had jurisdiction. They contend that Allison's

_____

[2]David is not a party to this appeal.

cause of action with regard to the property had been adjudicated in the divorce proceedings in another court.

The claim-preclusion aspect of res judicata forecloses relitigation in a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involved the same claim or cause of action; and (5) both suits involved the same parties or their privies. *McCoy v. Jackson*, 2011 Ark. App. 456, at 2 (citing *Pentz v. Romine*, 75 Ark. App. 274, 57 S.W.3d 235 (2001)). Claim preclusion bars not only the relitigation of issues that were actually litigated in the first suit but also those that could have been litigated but were not. *Id.*

In order to determine whether the circuit court properly denied the motion to dismiss based on res judicata, "we must be able to determine the specific claims and issues that were presented and resolved in the prior suit." *McCoy*, 2011 Ark. App. 456, at 2 (citing *McNeil v. Lillard,* 79 Ark. App. 69, 70, 86 S.W.3d 389, 390 (2002)). In *McNeil,* we held that we could not make such a determination without reviewing the judgment in the prior proceeding; therefore, we ordered rebriefing because the appellant failed to include the letter opinion from the first trial in her addendum. 79 Ark. App. at 70–71, 86 S.W.3d at 390–91.

In the case at bar, neither the 2012 divorce decree nor the parties' trial briefs on the jurisdiction issue are included in the addendum or record. Therefore, we order Larry and Seth to supplement the record and addendum accordingly. Ark. R. App. P.–Civ. 6(e) (2016); Ark. Sup. Ct. R. 4-2(a)(8)(A)(i) (2016). We further note that the circuit court's January 12, 2015 letter opinion denying Larry and Seth's motion to dismiss for lack of jurisdiction is not

included in the addendum in violation of Rule 4-2(a)(8)(A)(i). We order Larry and Seth to include this document in the supplemental addendum.

Larry and Seth's second point on appeal is that the circuit court erred in finding that Allison's power of attorney in favor of Larry did not effectuate a valid transfer of the property from David to Seth. We cannot reach the merits of this argument because Larry and Seth have failed to include the power of attorney and the assignment of the real estate contract in the addendum in violation of Rule 4-2(a)(8)(A)(i). We order Larry and Seth to include these documents in the supplemental addendum.

In conclusion, we remand and direct Larry and Seth to file with our clerk's office, within thirty days from the date of this order, a certified, supplemental record. Ark. R. App. P.–Civ. 6(e). Upon filing the supplemental record, Larry and Seth shall have fifteen days in which to file a substituted addendum and brief. Ark. Sup. Ct. R. 4-2(b)(3). Upon filing the supplemental addendum and brief, Allison shall have fifteen days to revise or supplement her brief. We encourage Larry and Seth to carefully review our rules to ensure that no additional deficiencies exist. According to Rule 4-2(b)(3), if Larry and Seth fail to file a complying addendum and brief within the prescribed time, the findings of fact and conclusions of law may be affirmed for noncompliance with the rule. *McNeil*, 79 Ark. App. at 71–72, 86 S.W.3d at 391.

Remanded to supplement the record and addendum; rebriefing ordered.

WHITEAKER and MURPHY, JJ., agree.

*The Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*, for appellants.

*Maxie G. Kizer, P.A.*, by: *Maxie G. Kizer*, for appellee.