Clarence J. WORTH, *et al. v.* Honorable Tom J. KEITH

01-1409                                                   79 S.W.3d 387

Supreme Court of Arkansas
Opinion delivered July 5, 2002

*The Evans Law Firm, P.A.,* by: *Marshall Dale Evans* and *Stephanie Dzur,* and *Hirsch Law Firm, P.A.,* by: *E. Kent Hirsch,* for petitioners.

No response.

P ER CURIAM. Clarence J. Worth, *et al.,* petition this court for a writ of mandamus directing the trial judge to recuse from this case filed in Benton County. The trial court denied petitioners' motion to recuse. This case involves alleged an illegal exaction. Petitioners allege that as a property owner in the affected county and school districts and as a judge with certain family members who are property owners in the affected county and school districts, the trial judge is disqualified because he and his family members have an interest in the outcome of this case.

■ Petitioners' brief in this case is the only brief that was presented to this court. The record in this case contains only the record on the motion to recuse. Further briefing is required before this court can decide the merits of this petition. We therefore order that this case be rebriefed to include these additional issues:

1. Whether petitioners waived any alleged disqualification based upon the passage of time;

2. Whether petitioners waived any alleged disqualification based upon acquiescing in allowing the allegedly disqualified judge to preside over the case, including hearings, motions, and so on, without moving for recusal until an adverse ruling was made;

3. Whether the trial judge, having a general interest as a property owner and relative of other property owners possibly affected by the case, had a personal or pecuniary interest of the type that disqualifies a judge;

4. Whether the fact that petitioners complain of bias in their favor as the basis for recusal plays a role in analysis; and

5. Whether the trial judge's offer to opt out of the class plays any role in this analysis.

To facilitate our consideration of the merits of the appeal, we direct the Attorney General to prepare and file a brief. Petitioners may file an amended brief and reply if they wish to do so. Defendants below may file a brief if they wish to do so. The Clerk will set a briefing schedule.

It is so ordered.