Gail Barice McNEIL *v.* Delbert E. LILLARD; Rita B. Lillard

CA 01-1362                                          86 S.W.3d 389

Court of Appeals of Arkansas
Division II
Opinion delivered September 4, 2002

*Charlie L. Rudd*, for appellant.

*Brian W. Albright*, for appellees.

LARRY D. VAUGHT, Judge. Appellant argues that the trial court erred in its grant of partial summary judgment in favor of appellees' petition to quiet title to certain real property under the dual theories of collateral estoppel and res judicata.

Collateral estoppel, or issue preclusion, bars relitigation of issues of law or fact previously litigated by the parties. *Palmer v. Arkansas Council on Econ. Educ.*, 344 Ark. 461, 40 S.W.3d 784 (2001). The test in determining whether res judicata applies is whether the matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. *Carmical v. City of Beebe*, 316 Ark. 208, 871 S.W.2d 386 (1994). Therefore, before we can determine if the trial court properly granted summary judgment based on the doctrines of collateral estoppel and res judicata, we must be able to determine the specific claims and issues that were presented and resolved in the prior suit. *Id.* We cannot do so without reviewing the judgment in the prior proceeding; however, appellant failed to include the letter opinion from the first trial in the addendum to her brief.

Failure to abstract an item essential to the understanding of the appeal has traditionally been regarded as a fatal error, and the cases are legion where this was held to be adequate

grounds to affirm for noncompliance with the abstracting rules. However, the court must now allow rebriefing before summarily affirming. The modification of the abstracting rules set out in *In Re: Modification of the Abstracting System*, 345 Ark. Appx. 626 (2001), sets forth the applicable version of Ark. Sup. Ct. R. 4-2(b)(3), which provides that:

> (3) Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2 (a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

█ We find appellant's abstract and addendum to be deficient such that we cannot reach the merits of the case.[1] Therefore, she has fifteen days from the date of this opinion to file a substituted abstract, addendum, and brief to conform to Rule 4-2(a)(5). *See In re: Modification of the Abstracting System, supra*; Ark. Sup. Ct. R. 4-2(b)(3). Mere modifications of the original brief will not be accepted. *Id.* Upon filing of the substituted brief, appellees shall have fifteen days to revise or supplement their brief at appellant's expense. According to Rule 4-2(b)(3), if appellant fails to file a complying abstract, addendum, and brief within the prescribed

---

[1] The record in the present case was filed on December 13, 2001. The amendments to the abstracting rules set out in the supreme court's per curiam are effective as to cases in which the record is lodged with our clerk on or after September 1, 2001.

time, the judgment or decree may be affirmed for noncompliance with the rule.

Rebriefing ordered.

JENNINGS and CRABTREE, JJ., agree.