## Linda L. KING *v.* BAXTER COUNTY REGIONAL HOSPITAL

CA 01-996                                              86 S.W.3d 13

Court of Appeals of Arkansas
Division I
Opinion delivered September 11, 2002

*Frederick S. "Rick" Spencer,* for appellant.

*Walter A. Murray,* for appellee.

S AM BIRD, Judge. In May 1991, Linda L. King, a medical transcriptionist at Baxter County Regional Hospital, developed carpal tunnel syndrome, which was accepted as a workers' compensation injury. She underwent surgeries related to the compensable injury in 1991 and 1993. She returned to work after each procedure but quit in January 1995. A hearing was later conducted before the administrative law judge on two contested issues: 1) temporary partial disability benefits related to King's admittedly compensable carpal tunnel syndrome; and 2) the compensability of her alleged psychological injury or illness. The law judge denied King's request for temporary partial disability benefits and found that she had failed to prove her claim of a psycho-

logical injury or illness. The Workers' Compensation Commission affirmed and adopted the law judge's decision.

King now appeals the decision of the Commission. She contends that it erred 1) in refusing to award temporary partial disability benefits between October 10 and December 19, 1993; and 2) in refusing to find that she suffered a compensable mental injury. We are unable to determine which parts of appellant's abstract and addendum support the arguments she makes in her brief. Under Rule 4-2 the Arkansas Rules of the Supreme Court (2002), we offer her an opportunity to cure the deficiency.

Arkansas Supreme Court Rule 4-2(a)(7) (2002) states, "Reference in the argument portion of the parties' briefs to material found in the abstract and Addendum shall be followed by a reference to the page number of the abstract or Addendum at which such material may be found." Rule 4-2(a)(8) specifies that the addendum to appellant's brief shall include relevant pleadings, documents, or exhibits essential to the Court's understanding of the case; and in the case of lengthy documents, "only relevant excerpts in context need to be included. . . ." Insufficiency of an appellant's abstract or addendum is addressed by section 4-2(b), which states in pertinent part:

> (3) Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (7).. Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum, and brief within the pre-

scribed time, the judgment or decree may be affirmed for non-compliance with the Rule.

Here, in order to address the merits of appellant's arguments regarding temporary partial disability and psychological illness or injury, we must necessarily examine relevant parts of the testimony, wage records, and medical records. Our efforts to do so, however, have been frustrated by the lack of proper references to pages of the abstract or addendum. By way of example, appellant's argument under her first point presents statements of facts about light-duty restriction, changed job duties, and reduction in pay, but it includes only a sole reference to "Pg. No. 10." There is no indication that this is indeed a page of the abstract, and there are no references to documents in the addendum that also might be necessary to our review. Under appellant's second point of appeal, the argument is based in part upon testimony given by appellant, three co-workers, and supervisor; and upon impairment ratings, evaluations, and diagnoses, and opinions given by medical specialists. Page references in this argument are sometimes incorrectly given to pages of the transcript or exhibits rather than to pages of the abstract or the addendum, as required by Rule 4-2. Furthermore, the argument section in appellant's second point does not make any page number reference to any of the extensive medical records contained in the addendum, and we are unable to ascertain the portion of the lengthy medical records that might lend support to her argument. The medical records in appellant's brief are reproduced at pages 86 through 218 of the addendum, not in keeping with the directive of Rule 4-2(a)(8) that documents be reduced in the addendum to "only relevant excerpts."

For the reasons discussed above, we find appellant's abstract and addendum to be deficient such that we cannot reach the merits of the case. Therefore, we set a date fifteen days from the date of this opinion to allow appellant to file a substituted abstract, addendum, and brief in conformance with Rule 4-2(a)(5) and (8). *See In Re: Modification of the Abstracting System*, 345 Ark. 626 (2001). Supreme Court Rule 4-2(b)(3) specifies that appellant's brief be a substituted brief rather than a modification, and that appellee is afforded an opportunity to revise or supplement.

Appellee will be allowed ten days to file its brief if it wishes to do so.

Rebriefing ordered.

NEAL and BAKER, JJ., agree.