## ARKANSAS DEPARTMENT of HUMAN SERVICES *v.*
## The Honorable Linda P. COLLIER, Judge

02-1021 92 S.W.3d 683

Supreme Court of Arkansas
Opinion delivered December 16, 2002

Order Directing Attorney General to File Brief on Behalf of Respondent.

*Richard Neil Rosen,* Office of Chief Counsel, for petitioner.

No response.

PER CURIAM. Arkansas Department of Human Services has petitioned this court for a writ of prohibition, or, in the alternative, a writ of *certiorari*, to prevent the Faulkner County Circuit Court from enforcing its order declaring an unborn fetus

dependent-neglected and ordering DHS to provide prenatal care to the fetus's mother. This case will be submitted for decision on January 9, 2003. Upon reviewing the materials included in the petitioner's abstract and addendum, it is apparent that petitioner's abstract is deficient in that the hearing held on petitioner's motion to set aside the trial court's order is not abstracted. Accordingly, we are deferring action on this appeal until the petitioner fully complies with the provisions of Ark. Sup. Ct. R. 4-2.

Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant or petitioner has failed to supply this court with a sufficient brief. The rule provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2 (a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. S. Ct. R. 4-2(b)(3).

We hereby order the petitioner to submit a revised or supplemental abstract that contains an abstract of the hearing to set aside the trial court's order as well as all material parts of the testimony of the witnesses and colloquies between the court and counsel necessary to an understanding of all questions presented to the court for decision. Petitioner is directed to file a complying abstract and brief within seven days from the entry of this order,

due to the fact that this case was expedited by our order of October 24, 2002.

█ We further note our concern that no one has responded on behalf of Judge Collier to DHS's petition. The file of the Clerk of Supreme Court reflects that the Attorney General's Office was mailed a copy of the petitioner's brief on November 13, 2002. Due to the expedited briefing schedule, the respondent's brief was due November 27, 2002. No brief was received. Because a response would assist this court in deciding the merits of DHS's petition, we direct the Attorney General to file a response on behalf of Judge Collier within fourteen days of the filing of petitioner's revised abstract and brief.

Rebriefing ordered.

Attorney General directed to file respondent brief.