Tommy SIMMONS *v.* STATE of Arkansas

CA 02-759 97 S.W.3d 421

Court of Appeals of Arkansas
Division II
Opinion delivered February 5, 2003

*Byron Cole Rhodes*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant, Tommy Simmons, was adjudicated delinquent for shoplifting cigarettes. He was sentenced to six months' probation and ordered to perform forty hours of community service. On appeal, appellant challenges the sufficiency of the evidence. We order supplementation of the record and rebriefing.

 While a delinquency adjudication is not a criminal conviction, it is based upon an allegation by the State that the juvenile has committed a certain crime. *Roberts v. State*, 78 Ark. App. 103, 78 S.W.3d 743 (2002). When sufficiency of the evidence is challenged on appeal, the court considers only proof that tends to support the finding of delinquency, and it views the evidence in the light most favorable to the State. *Hunter v. State*, 341 Ark. 665, 19 S.W.3d 607 (2000). The burden of proof in the trial court is beyond a reasonable doubt, and our standard of review is the same as it would be in a criminal case, *i.e.*, whether the court's verdict is supported by substantial evidence. *Roberts v. State, supra.* Substantial evidence is that which is of sufficient force and character to compel a conclusion one way or the other without resorting to speculation or conjecture. *McGill v. State*, 60 Ark. App. 246, 962 S.W.2d 382 (1998). Whether the trial court's decision is supported by substantial evidence is a question of law. *Roberts v. State, supra.*

Appellant contends that the State presented insufficient evidence to prove that he committed the crime in question. Specifically, appellant argues that the testimony of the witnesses is

inconsistent and unreliable and that the video retrieved from Wrights Food Store shows no crime being committed.

Without regard to the merits of this case, we must address flagrant deficiencies in not only the record on appeal but also appellant's abstract and addendum. We look to Rule 6(e) of the Arkansas Rules of Appellate Procedure—Civil for instruction based on Rule 4(a) of the Arkansas Rules of Appellate Procedure—Criminal, which provides that "[m]atters pertaining to . . . preparation, and correction or modification of the record on appeal . . . shall be governed by the Rules of Appellate Procedure—Civil." Rule 6(e) of the Arkansas Rules of Appellate Procedure—Civil states that:

> If any difference arises as to whether the record truly discloses what occurred in the circuit court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the circuit court, either before or after the record is transmitted to the appellate court, or the appellate court on proper suggestion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted.

Our review of the record indicates that appellant failed to include the video retrieved from Wrights Food Store; thus, we order that appellant supplement the record in accordance with the Rules of the Arkansas Supreme Court and Court of Appeals as review of the video is necessary for an understanding of the issue on appeal.

■ Further, failure to abstract an item essential to the understanding of the appeal has traditionally been regarded as a fatal error, and the cases are legion where this was held to be adequate grounds to affirm for noncompliance with the abstracting rules. *McNeil v. Lillard*, 79 Ark. App. 69, 86 S.W.3d 389 (2002). However, the court must now allow rebriefing before summarily affirming. The modification of the abstracting rules set out in *In Re: Modification of the Abstracting System*, 345 Ark. Appx. 626

(2001), sets forth the applicable version of Ark. Sup. Ct. R. 4-2(a)(5), which provides that:

> The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision. . . . Whenever a map, plat, photograph, or other similar exhibit must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and include it in the Addendum with a reference in the abstract to the page in the Addendum where the exhibit appears unless this requirement is shown to be impracticable and is waived by the Court upon motion.

Here, appellant's abstract and addendum are deficient such that we cannot reach the merits of the case. The condensation of the witnesses' testimonies is inadequate for our understanding of the argument presented to the court for decision. Also, the addendum lacks any mention of the video in question. Therefore, although the rule generally allows fifteen days from the date of this opinion to file a substituted abstract, addendum, and brief to conform to Rule 4-2(a)(5), we will allow appellant thirty days to do so. *See In re: Modification of the Abstracting System*, *supra*; Ark. Sup. Ct. R. 4-2(b)(3). Mere modifications of the original brief will not be accepted. *Id.* Upon filing of the substituted brief, appellees shall have fifteen days to revise or supplement their brief in accordance with Rule 4-2(b)(3). If appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the rule. *See* Ark. Sup. Ct. R. 4-2(b)(3).

Supplementation of the record and rebriefing are ordered.

GLADWIN and ROAF, JJ., agree.