Darrell PILCHER *v.* STATE of Arkansas

CR 02-549                                                 107 S.W.3d 172

Supreme Court of Arkansas
Opinion delivered May 22, 2003

*Joe Kelly Hardin,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Katherine Adams,* Ass't Att'y Gen., for appellee.

P ER CURIAM. Appellant, Darrell Pilcher, was convicted of capital murder and sentenced to life imprisonment without the possibility of parole for the murder of Carolyn Farley. In his only point on appeal, appellant contends that the trial court erred when it denied his motion to suppress statements made to law enforcement officials. Because the brief filed by Joe Kelly Hardin on behalf of appellant is woefully deficient, we are ordering rebriefing.

■ Appellate counsel has a duty to file a brief that adequately and zealously presents the issues and that cites us to persuasive authority. If counsel has failed in this duty, we can remand the case for rebriefing by appellate counsel. *See e.g., Ward v. State,* 347 Ark. 515, 65 S.W.3d 451 (2002) (finding abstract flagrantly deficient and ordering counsel to rebrief the matter); *Dansby v. State,* 347 Ark. 509, 65 S.W.3d 448 (2002) (finding abstract deficient and ordering counsel to refile his brief); *Brady v. State,* 346 Ark. 298, 57 S.W.3d 691 (2001) (ordering rebriefing in compliance with Ark. Sup. Ct. R. 4-3(j)(1)); *Dewberry v. State,* 341 Ark. 170, 15 S.W.3d 671 (2000) (ordering rebriefing in compliance with Ark. Sup. Ct. R. 4-3(j)(1)).

■ In the case now before us, appellant was sentenced to life imprisonment without the possibility of parole for capital murder. His appellate counsel submitted a brief that contained a two-page argument. After reviewing the brief, we consider the argument portion to be woefully deficient. Given the fact that Mr. Hardin had several extensions of time for filing appellant's initial brief, this deficiency is egregious.[1] In addition, we note that Mr. Hardin failed to

---

[1] Initially, appellant's brief was due on July 9, 2002. On June 21, 2002, we granted Mr. Hardin an extension, making the brief due on October 2, 2002. On September 19, 2002, we granted Mr. Hardin a second extension, extending the time for filing appellant's brief until November 10, 2002. On November 8, 2002, we granted Mr. Hardin a final extension until December 10, 2002, in which to file the brief. Mr. Hardin filed the brief on November 19, 2002.

file a reply brief rebutting arguments raised by the State. The brief filed by Mr. Hardin on appellant's behalf does not comply with our rules. Accordingly, we order Mr. Hardin to file a new brief.

Upon rebriefing, Mr. Hardin should specifically articulate his allegations of error and support those allegations of error with applicable citation to recent authority. Additionally, Mr. Hardin should apply the persuasive authority to the facts of appellant's case, thoroughly analyze the issues, and advocate for a result that benefits appellant. In drafting his new brief, Mr. Hardin should avoid the use of conclusory arguments or arguments that are not fully developed. We would further suggest that if the State responds to Mr. Hardin's revised brief, Mr. Hardin should consider the arguments raised by the State and respond appropriately.

Mr. Hardin's revised brief is due in thirty days. The State may then respond to the revised brief within fifteen days. Thereafter, Mr. Hardin will have ten days in which to file a reply brief.

Rebriefing ordered.

CORBIN, J., not participating.