Robert SPEARS *v.* STATE of Arkansas

CA CR 02-1005                                    109 S.W.3d 139

Court of Appeals of Arkansas
Division III
Opinion delivered June 4, 2003

*John F. Stroud, III*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Robert Spears, was convicted of one count of possession of a controlled substance, marijuana, with the intent to deliver, and he was sentenced to five years' imprisonment. On appeal, in a brief with an argument section just over one page long, appellant appears to raise three issues: (1) whether the circuit court's admission of testimony concerning appellant's silence violated his Fifth Amendment privilege against compulsory self-incrimination; (2) whether this testimony was properly admitted as an adoptive admission made by appellant; and (3) whether the court improperly allowed the State to impeach appellant's witness on cross-examination with extrinsic evidence on a collateral matter. Because there are three separate deficiencies in appellant's brief, we order rebriefing.

First, we conclude that appellant's abstract is deficient, and consequently, we are unable to reach the merits of his arguments on appeal. Appellant's abstract consists of four pages. A portion of the first page is an abstract of the information, the judgment and commitment order, and the notice of appeal, all of which should be and are properly found in appellant's addendum. *See* Ark. Sup. Ct. R. 4-2(a)(8) (2003). Approximately two pages of the abstract are devoted to the testimony of one police officer, four sentences pertain to the testimony of another officer, and eight sentences concern the testimony of appellant's witness. From our review of the record, these brief excerpts are inadequate to assist this court in understanding all questions presented to the Court for decision. Also, appellant fails to abstract any of his arguments made below on these issues, further hampering our understanding of the questions presented. We also note that the State did not file a supplemental abstract.

While failure to abstract materials essential to the understanding of an argument on appeal has in the past been considered a bar to consideration of the merits of the argument, this court must now allow rebriefing to cure deficiencies in the

abstract or addendum. *See Arkansas Dep't of Human Servs. v. Collier*, 351 Ark. 380, 92 S.W.3d 683 (2002); *Campbell v. State*, 349 Ark. 111, 76 S.W.3d 271 (2002); *Nichols v. Arnold*, 347 Ark. 758, 66 S.W.3d 652 (2002); *Simmons v. State*, 80 Ark. App. 426, 97 S.W.3d 421 (2003), *overruled on other grounds by Larry v. Grady Sch. Dist.*, 82 Ark. App. 185, 119 S.W.3d 513; *McNeil v. Lillard*, 79 Ark. App. 69, 86 S.W.3d 389 (2002). Rule 4-2(b)(3) of the Rules of the Supreme Court provides, in part, that

> [i]f the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8).

We order appellant to prepare an abstract that provides this court with a better understanding of the questions presented on appeal, including an abstract of all "material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(5) (2003).

■ Second, we observe that in the argument portions of the parties' briefs, reference is made to materials by providing the page number of the record at which the materials may be found. This is in contravention of Rule 4-2(a)(7) of the Rules of the Supreme Court, as the parties are to refer to "the page number of the abstract or Addendum at which such material may be found." *See also King v. Baxter County Reg'l Hosp.*, 79 Ark. App. 97, 86 S.W.3d 13 (2002). We order the parties to provide briefs in compliance with this rule.

■ Third, we note that the Arkansas Supreme Court has held that "[a]ppellate counsel has a duty to file a brief that adequately and zealously presents the issues and that cites us to persuasive authority." *Pilcher v. State*, 353 Ark. 357, 107 S.W.3d 172. Because the brief filed by appellant's counsel is deficient in that regard, we order rebriefing for this reason as well.

The Arkansas Supreme Court has recently ordered rebriefing when counsel for an appellant in a criminal appeal failed to adequately present the issues raised in appellant's brief. *See Pilcher, supra. See also Latta v. State*, 350 Ark. 488, 88 S.W.3d 833 (2002) (Brown, J., dissenting) (arguing that the majority should have ordered rebriefing because counsel for the defendant provided a deficient brief). Further, the Arkansas Supreme Court has ordered rebriefing when issues have not been fully developed by the parties. *See Ford Motor Co. v. Harper*, 351 Ark. 559, 95 S.W.3d 810 (2003) (ordering parties to rebrief and further develop a jurisdictional issue in an interlocutory appeal); *Worth v. Keith*, 349 Ark. 731, 79 S.W.3d 387 (2002) (ordering rebriefing in a petition for writ of mandamus to consider certain additional issues specifically enumerated by the Arkansas Supreme Court).

As is apparent from the State's brief, the issues raised by appellant are more complex than the brief from counsel for appellant would suggest. Appellant's argument on the first point consists of four sentences and a citation to one case. In response, the State addressed at length whether appellant was in custody, apparently implying that the Fifth Amendment privilege against compulsory self-incrimination does not apply when a person is being detained but is not in custody. Further, appellant's arguments on the remaining two issues respectively consist of four sentences and one case and again four sentences and one case. The State provided substantially more on both issues. Appellant did not file a reply brief in response to the State's analysis of the issues.

We note further that counsel's conduct in this case suggests that he has half-heartedly pursued this appeal on the behalf of appellant. Appellant's brief was originally due on August 20, 2002. The brief, however, was not filed on that date, and on October 30, 2002, this court granted counsel's motion to file a belated brief. Counsel was granted a seven-day extension on December 2, 2002. The brief was tendered on December 9, 2002, but it lacked an addendum, and counsel then filed on December 16, 2002, a brief with an addendum. Further, counsel did not file a reply brief.

■ Consequently, because the brief from appellant's counsel fails to adequately present the issues raised on appeal, we order

rebriefing so that counsel may correct this problem. As explained in *Pilcher*, upon rebriefing, counsel should

> specifically articulate his allegations of error and support those allegations of error with applicable citation to recent authority. Additionally, [counsel] should apply the persuasive authority to the facts of appellant's case, thoroughly analyze the issues, and advocate for a result that benefits appellant. In drafting his new brief, [counsel] should avoid the use of conclusory arguments or arguments that are not fully developed. We would further suggest that if the State responds to [counsel's] revised brief, [counsel] should consider the arguments raised by the State and respond appropriately.

A revised brief for appellant is due in thirty days, and in the revised brief, counsel should cure all the deficiencies listed above. The State may then respond to the revised brief within fifteen days by filing a brief that complies with Rule 4-2(a)(7). Thereafter, counsel for appellant will have ten days in which to file a reply brief.

Rebriefing ordered.

BIRD and ROAF, JJ., agree.