Lee Charles LEWIS *v.* STATE of Arkansas

CA CR 01-1327

139 S.W.3d 810

Court of Appeals of Arkansas
Division I
Opinion delivered January 7, 2004

*John F. Gibson, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant Lee Charles Lewis was convicted of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. Lewis was sentenced to ten years' imprisonment on the cocaine charge and four years' imprisonment on the marijuana charge, with the sentences to be served concurrently. Lewis's counsel previously filed a motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, alleging that an appeal from his convictions would be without merit; however, this court ordered rebriefing in an unpublished opinion entered on November 20, 2002, because counsel failed to abstract and discuss all adverse rulings. Lewis's counsel then submitted a second *Anders* brief, which again failed to abstract

and discuss all adverse rulings. After reviewing the record, this court found that Lewis's *Batson* challenge to the voir dire of the jury may not be wholly frivolous and directed his counsel to rebrief the case on the merits of that issue in an unpublished opinion entered on May 14, 2003. Lewis's counsel has now submitted a merit brief in accordance with this court's directive.

On appeal, Lewis argues that the trial court erred in over-ruling his *Batson* challenge to the State's peremptory removal of two black venirepersons from the jury panel. Specifically, Lewis argues that the trial court improperly cut off the State's attempt to give a race-neutral reason for striking one juror and supplied a reason on behalf of the State for the second strike. Because Lewis's argument concerning the trial court's improper conduct was not raised below, we affirm.

Because Lewis does not challenge the sufficiency of the evidence supporting his convictions, a detailed recitation of the facts underlying those convictions is not necessary. During voir dire, the State used peremptory challenges to strike six black venirepersons from the jury panel. Lewis objected and argued that the State's use of its peremptory challenges to strike all the remaining black venirepersons from the jury panel was in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). After the trial court ruled that Lewis had made a prima facie showing of racial discrimination, the State proceeded to give its racially neutral reasons for exercising each strike. With respect to venirepersons Wright and Harding, the following colloquy occurred:

> STATE: Ms. Wright yesterday at the end of the trial, her and the Defendant . . .
>
> DEFENSE COUNSEL: The other defendant . . .
>
> STATE: The other defendant who, and that causes me to . . .
>
> COURT: That's good enough. It's racial neutral.
>
> STATE: Okay. Mr. Harding was related to the Defendant yesterday.
>
> DEFENSE COUNSEL: That's yesterday's defendant. It's not anything to do with this case.

STATE:   It has to do with the same officers and all that.

DEFENSE COUNSEL:   No.

STATE:   I believe that he'll have a bias . . .

DEFENSE COUNSEL:   Doesn't make any difference.

STATE:   . . . against him.

COURT:   His brother had a relative arrested on a drug related offense.

STATE:   Okay.

COURT:   That's enough. Racial neutral.

The trial court ruled that all of the reasons given by the State for striking each venireperson were racially neutral and overruled Lewis's *Batson* challenge.

Lewis argues on appeal that the trial judge erred in overruling his *Batson* challenge to the State's peremptory removal of blacks from the jury panel. However, before addressing the merits of Lewis's argument, the sufficiency of his abstract must be discussed. Lewis has failed to abstract any portion of the jury trial. Instead, he has photocopied and placed in his addendum four pages from the transcript, which contain his *Batson* objection and the State's race-neutral explanations for the removal of the two black venirepersons that he argues on appeal were improperly struck from the panel. In addition, Lewis has failed to include in his addendum both the judgment and commitment order and his notice of appeal.

■■   According to Ark. Sup. Ct. R. 4-2(a)(5) (2003), an appellant shall include in his brief an abstract or abridgment of the transcript, consisting of such material parts of the testimony of witnesses and colloquies between the court and counsel as are necessary to an understanding of all questions presented to the appellate court for decision. Also, under Rule 4-2(a)(8), the appellant's brief must include an addendum that contains photocopies of the order or judgment appealed from, as well as the notice of appeal. While the failure to abstract or include materials essential to the understanding of an argument on appeal has in the

past been considered a bar to consideration of the merits of the argument, under the revised rule, this court must now allow rebriefing to cure deficiencies in the abstract or addendum. *Spears v. State*, 82 Ark. App. 376, 109 S.W.3d 139 (2003). Although this court could order rebriefing in this case due the deficiencies in Lewis's abstract and addendum, because he has included in his addendum the material portions of the colloquy between counsel and the trial court discussing his *Batson* challenge, we instead address the merits of his argument. We also note that the record reflects that Lewis's judgment and commitment order was filed on June 29, 2001, and that the notice of appeal was timely filed on July 12, 2001.

In *Batson v. Kentucky*, 476 U.S. 79 (1986), the United States Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the State from striking a venireperson as a result of racially discriminatory intent. The Court left it up to the states to develop specific procedures to follow in implementing *Batson*. *Id.* Our supreme court has established a three-step process to be used in evaluating *Batson* claims. *MacKintrush v. State*, 334 Ark. 390, 978 S.W.2d 293 (1998). First, the opponent of the peremptory strike must present facts that show a prima facie case of purposeful discrimination. *Id.* This can be done by showing (1) that the strike's opponent is a member of an identifiable racial group, (2) that the strike is part of a jury-selection process or pattern designed to discriminate, and (3) that the strike was used to exclude jurors because of their race. *Id.*

Second, if the opponent has established a prima facie case, the burden of producing a racially neutral explanation then shifts to the proponent of the strike. *Id.* While this explanation must be more than a mere denial of discrimination, the explanation need not be persuasive or even plausible; indeed, it may be silly or superstitious. *Id.* The reason will be deemed race neutral unless discriminatory intent is inherent in the proponent's explanation. *Id.* However, the trial court must not end the *Batson* inquiry at this stage. *Id.*

In step three, if a race-neutral explanation is given, the trial court must then decide whether the strike's opponent has proven purposeful discrimination. *Id.* During this stage, the strike's

opponent must persuade the trial court that the expressed motive of the striking party is not genuine, but rather is the product of discriminatory intent. *Id*. The opponent may do this by presenting further argument or other proof relevant to the inquiry. *Id*. If the strike's opponent chooses not to present additional argument or proof but simply relies on the prima facie case presented, then the trial court has no alternative but to make its decision based on what has been presented to it, including an assessment of credibility. *Id*. The court in *MacKintrush* emphasized that "it is incumbent upon the strike's opponent to present additional evidence or argument, if the matter is to proceed further." *Id*. at 399, 978 S.W.2d at 297. It is the opponent's responsibility to "move the matter forward at this stage to meet the burden of persuasion, not the trial court." *Id*. If the strike's opponent does not present further evidence, no additional inquiry by the trial court is required. *Id*. However, if the "opponent presents additional relevant evidence and circumstances to the trial court for its consideration, then the trial court must consider what has been presented, make whatever inquiry is warranted, and reach a conclusion." *Id*. at 400, 978 S.W.2d at 297.

██ Once the party striking jurors offers a race-neutral explanation, and the trial court rules on the ultimate issue of intentional discrimination, the preliminary issue of whether a prima facie case was shown then becomes moot. *Holder v. State*, 354 Ark. 364, 124 S.W.3d 439 (2003). Appellate courts will reverse a trial court's ruling on a *Batson* challenge only when its findings are clearly against the preponderance of the evidence. *Id*. The trial court is accorded some deference in making *Batson* rulings because it is in a superior position to observe the parties and to determine their credibility. *Id*.

The issue in this case involves the second step of the *Batson* procedure. Lewis argues that the State failed in its burden of offering a race-neutral explanation with respect to two of the venirepersons, Wright and Harding. Lewis asserts that it was error and improper for the trial court to "cut off" the State's race-neutral explanation as to venireperson Wright and that it was also error for the trial court to assist the State in supplying a race-neutral explanation for its removal of venireperson Harding.

██ We find that Lewis's arguments are not preserved for appellate review. While we cannot discern what the State was attempting to assert with respect to venireperson Wright, and

while the trial court on its own provided an additional reason for striking venireperson Harding, Lewis did not object when the trial court interrupted the State's race-neutral explanation as to Wright, nor did he object when the trial court itself supplied a race-neutral reason as to Harding. In fact, Lewis failed to offer any additional argument or other proof to rebut the State's and the trial court's race-neutral explanations and to show that the State's motives were not genuine, but were rather the product of discriminatory intent, as is required during the third stage of the *Batson* process. *MacKintrush, supra.* The burden of persuasion that there is purposeful discriminatory intent rests with and never shifts from the party opposing the strikes. *Holder, supra.*

It is well-settled that issues raised for the first time on appeal will not be considered. *London v. State* 354 Ark. 313, 125 S.W.3d 813 (2003). Because Lewis failed to raise to the trial court the arguments concerning the trial court's conduct that he now makes on appeal, his arguments are not preserved for review. *See id.* (holding that defendant's argument that it was error for the trial court to allow the State to proffer only two race-neutral explanations when three African-Americans were struck from the jury panel was not preserved for review where defendant failed to raise the argument to the trial court); *Wooten v. State*, 325 Ark. 510, 931 S.W.2d 408 (1996) (holding that defendant's argument that the State failed to provide a racially neutral reason for the removal of a venireperson was not preserved for appeal where it was not presented to the trial court). Thus, we affirm.

Affirmed.

GLADWIN and GRIFFEN, JJ., agree.