Robert SPEARS *v.* STATE of Arkansas

CA CR 02-1005                                          146 S.W.3d 355

Court of Appeals of Arkansas
Divisions I, II, and III
Opinion delivered February 11, 2004

*John F. Stroud, III,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Lauren Elizabeth Heil,* Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. This case is again before us after we ordered rebriefing in *Spears v. State,* 82 Ark. App. 376, 109 S.W.3d 139 (2003). As we noted in our earlier opinion, appellant, Robert Spears, was convicted of one count of possession of a controlled substance, marijuana, with the intent to deliver, and he was sentenced to five years' imprisonment. After rebriefing, for his first point on appeal, appellant argues that the circuit court "erred in allowing ... police officers who arrested [a]ppellant to testify he failed to deny the allegations of another suspect that the bag containing drugs belong[ed] to [a]ppellant." For his second point, he argues that the circuit court "erred in allowing evidence of a drug conviction by [a]ppellant's brother for the same offense as that being faced at trial by [a]ppellant for purposes of impeaching [a]ppellant's mother's testimony."

In the order for rebriefing in our previous opinion, we instructed counsel for appellant to abstract, as provided in our rules, all "material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision." *Spears,* at 378, 109 S.W.3d at 140; Ark. Sup.

Ct. R. 4–2(a)(5). Particularly, we noted that counsel for appellant inadequately abstracted the testimony of the witnesses and failed to abstract any of the arguments made below on the issues raised on appeal.

After rebriefing, counsel again fails to abstract the material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to this court for decision. By way of example, counsel does not abstract all of the testimony of two police officers necessary to understand the questions presented in appellant's first point on appeal. Also, counsel's abstract of one colloquy related to appellant's first issue is only one line and, in contravention of Rule 4–2(a)(5), is stated in the third person rather than the first person: "Defense counsel objects to the testimony regarding Spears'[s] lack of response." His abstract indicates only that the court overruled the objection. In counsel's abstract of a second colloquy related to the first issue, counsel notes only that there was a hearsay objection that was overruled by the court. In short, a review of the record establishes that counsel's abstract of these colloquies is woefully inadequate. Likewise, counsel's abstract of the colloquies and testimony related to appellant's second issue remains deficient.

Thus, appellant has again failed to comply with our abstracting rules. Our rules further provide that "[i]f after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule." Ark. Sup. Ct. R. 4–2(b)(3). However, rather than summarily affirming, we, in our discretion, again order rebriefing to correct the abstracting deficiencies described above. On rebriefing, counsel should, at a minimum, abstract the colloquies related to the first and second issues and take pains to abstract all of the testimony necessary to understand the questions presented to this court for decision.

Rebriefing ordered.

ROBBINS, GRIFFEN, NEAL, and ROAF, JJ., agree.

BAKER, J., concurs.

PITTMAN, GLADWIN, and BIRD, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. The majority has permitted appellant's attorney to make another attempt to

provide us with an abstract that complies with the requirements of Ark. Sup. Ct. R. 4-2(a)(5). I respectfully dissent.

In our previous opinion in this case, we noted that appellant's abstract was deficient and offered his attorney an opportunity to cure the deficiencies, as required by Ark. Sup. Ct. R. 4-2(b)(3). *See Spears v. State*, 82 Ark. App. 376, 109 S.W.3d 139 (2003). Appellant's attorney failed to cure the deficiencies; specifically, the abstract fails to show that the issues raised on appeal were preserved by specific objections at trial and fails to include all material parts of the testimony. Although it may be within our discretion under this rule to allow appellant's attorney yet another opportunity to submit a proper abstract, we are not required to do so.[1] Moreover, I see no reason to do so in the present case, where appellant's attorney has twice failed to submit a complying abstract, and where the arguments presented in his initial brief were so conclusory, lacking in analysis, and unsupported by authority that we were unable to address them as submitted.

My overwhelming concern, however, is that we erred in our original opinion when we ordered that appellant's attorney supplement his brief to provide convincing argument and authority that was theretofore lacking. I think that it is important that we acknowledge our error at this time so that we will not repeat it.

In the original opinion in this case, the court pointed out that the argument portion of appellant's brief consisted of only four sentences and one case citation for each issue, stated that the issues raised were more complex than appellant's counsel indicated, and noted that no reply brief was filed on behalf of appellant. The court concluded that counsel had failed to adequately and zealously present the issues and to cite to persuasive authority. The court then ordered that counsel rewrite his argument to " 'specifically articulate his allegations of error with applicable citation to recent authority[,] . . . apply the persuasive authority to the facts of the appellant's case, thoroughly analyze the issues, and advocate for a result that benefits appellant.' " *Spears v. State*, 82 Ark. at 380, 109 S.W.3d at 141 (quoting *Pilcher v. State*, 353 Ark. 357, 359, 107 S.W.3d 172, 173 (2003)).

---

[1] The last sentence of Rule 4-2(b)(3) states: "If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule."

As demonstrated by the preceding excerpt, the majority in *Spears I* cited *Pilcher v. State, supra,* for the proposition that we are generally authorized to order rebriefing where an appellant has failed to adequately present the issues raised in his brief. I respectfully submit that *Pilcher* does not stand for this sweeping proposition. The court in *Pilcher* did indeed say that "[a]ppellate counsel has a duty to file a brief that adequately and zealously presents the issues and that cites us to persuasive authority. If counsel has failed in this duty, we can remand the case for rebriefing by appellate counsel." 353 Ark. at 358, 107 S.W.3d at 173. However, it is crucial to an understanding of our supreme court's holding in that case to note that *Pilcher* was an appeal from a conviction of capital murder for which a life sentence was imposed, and each of the cases cited for the statement in *Pilcher* was either a death-penalty case or a "no-merit" appeal.

Cases in which a sentence of life imprisonment or death was imposed are specifically excepted from the general rule that Arkansas appellate courts review only those matters "briefed and argued by the appellant." Ark. R. App. P.—Crim. 14. These cases are exceptions to the norm in that the supreme court is required to depart somewhat from its normal position as impartial arbiter of the arguments as presented, and has an affirmative duty to actively examine the record for prejudicial error, considering objections that the appellant raised at trial but did not argue on appeal in addition to the assignments of error actually made by the appellant in his brief on appeal. Ark. Code Ann. § 16-91-113(a) (1987); Ark. R. Sup. Ct. 4-3(h); *see, e.g., Moore v. State,* 229 Ark. 335, 315 S.W.2d 907 (1958), *cert. denied,* 358 U.S. 946 (1959) (capital case); *Gruzen v. State,* 267 Ark. 380, 591 S.W.2d 342 (1979), *cert. denied,* 449 U.S. 852 (1980) (life imprisonment); *see also Camp v. State,* 66 Ark. App. 134, 135, 991 S.W.2d 611, 613 n. 1 (1999) (distinguishing ordinary criminal cases from those in which life imprisonment or the death penalty has been imposed).[2] A similar duty to actively examine the record for error exists in no-merit petitions, where an

---

[2] The heightened standard of review applied to death penalty cases also applies to Rule 37 petitions following a sentence of death. Ark. R. Crim. P. 37.5; *see, e.g., Ward v. State,* 347 Ark. 515, 65 S.W.3d 451 (2002) (death-penalty cases are different from other criminal cases because of the finality of the punishment); *Dansby v. State,* 347 Ark. 509, 65 S.W.3d 448 (2002) (the purpose of the exacting requirements of Rule 37.5 is to comply with federal law by providing a comprehensive state-court review of a petitioner's claim, thus eliminating the need for multiple post-conviction actions in federal court).

attorney is seeking to withdraw as counsel without presenting any argument on the merits of the case, and where the question is not whether counsel thinks the trial court committed reversible error, but instead whether the points that could be raised on appeal would be "wholly frivolous" or "wholly without merit." *Anders v. California*, 386 U.S. 738 (1967); Ark. R. Sup. Ct. 4-3(j); *Tucker v. State*, 47 Ark. App. 96, 885 S.W.2d 904 (1994); *see also Skiver v. State*, 330 Ark. 432, 954 S.W.2d 913 (1997) (supreme court "simply cannot affirm" a conviction in a no-merit case without a discussion by the attorney of all potential issues); *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 19, rehearing denied 53 S.W.3d 48 (2001) (federal law requires that both the attorney and the appellate court review the entire record in a no-merit petition as a component of affording the criminal defendant his constitutional right to counsel, and that the court must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim and has correctly concluded that the appeal is frivolous).

These classes of cases are unique in the elevated duty they impose on the reviewing court. Our supreme court clearly recognizes the distinction, as demonstrated by a recent case involving life imprisonment where the court wrote:

> Mr. Johnson presents no citation to authority and makes no convincing argument in support of his assertion. We have often stated that we will not consider assignments of error on appeal which are unsupported by convincing argument or authority unless it is apparent without further research that they are well taken. We would *not* address this point of appeal *but for* our Rule 4-3(h), which requires that we examine the record of trial in life imprisonment cases and review all errors prejudicial to the appellant.

*Johnson v. State*, 337 Ark. 477, 485, 989 S.W.2d 525, 529 (1999) (emphasis added) (internal citations omitted). Given that both *Pilcher* and all of the authorities cited therein were either life-imprisonment, death-penalty, or no-merit cases, I cannot agree that the above-quoted language from *Pilcher* regarding rebriefing on the merits was intended to apply generally to all appeals.

Save for the exceptional classes of cases noted above, the general rule in Arkansas is that the appellate court will confine itself to consideration of only those matters that are "briefed and argued by the appellant." Ark. R. App. P.—Crim. 14. Significantly, this rule relates both to the *nature* of the argument presented

*and to the substance thereof.* This principle was first enunciated in *Dixon v. State*, 260 Ark. 857, 862, 545 S.W.2d 606, 609 (1977), as follows:

> The appellant also states as points for reversal, without any citation of authority and actually without any real argument, that proof of the telephone conversation was not admissible and that the sentence is excessive. In effect the court is asked to research the law and to hold in favor of the appellant if the result of our labor so demands. We must decline that invitation. We adopt the position taken by the Supreme Court of Oklahoma in its own syllabus in *Irwin v. Irwin*, 416 P.2d 853 (1966): "Assignments of error presented by counsel in their brief, unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken."

This rule has since been applied in hundreds of cases to preclude consideration of arguments that were so conclusory, lacking in analysis, and unsupported by authority that we are unable to address them as submitted — in short, to preclude consideration of arguments precisely like those made in *Spears I*. Indeed, the *Dixon* rule was so applied in a twenty-year-imprisonment case on the very same day that *Pilcher* was decided, *see Grillot v. State*, 353 Ark. 294, 316, 107 S.W.3d 136, 149 (2003), and has been so applied in at least seven criminal cases since *Pilcher*.[3]

There has, of late, been a distressing divergence of views held by the various judges of the Arkansas Court of Appeals regarding our role as a reviewing court. The divergence is evident in ordinary cases where it would appear appropriate to apply the *Dixon* rule, or the somewhat similar rule that arguments not made on appeal are considered abandoned and will not be addressed. The conflicting views in these cases range from a willingness to apply the rule in question; to the belief that it is acceptable to base a reversal upon our own legal theories and research so long as the basic argument was generally raised in the brief, albeit in a conclusory and unconvincing fashion; to the assertion that it is

---

[3] *See Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003); *Rikard v. State*, 354 Ark. 345, 123 S.W.3d 114 (2003); *McClina v. State,* 354 Ark. 384, 123 S.W.3d 883 (2003); *Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003); *Stivers v. State*, 354 Ark. 140, 118 S.W.3d 558 (2003); *Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003); *Gaines v. State*, 354 Ark. 89, 118 S.W.3d 102 (2003).

permissible for this court to explore the record and reverse if we discover any prejudicial error, without regard to whether the parties have argued the point on appeal. *Compare, e.g.,* the majority opinions with the dissenting opinions in *Houston v. State*, 82 Ark. App. 556, 120 S.W.3d 115 (2003); and *Camp v. State*, 66 Ark. App. 134, 991 S.W.2d 611 (1999). Consistent application of the law in like cases is the hallmark of justice, and I believe it would be helpful for the Arkansas Supreme Court to issue a definitive statement on this issue.

I respectfully dissent.

GLADWIN and BIRD, JJ., join in this dissent.