

SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV-15-755

| | |
|---|---|
| CLARRY FOSTER<br>APPELLANT | **Opinion Delivered** June 1, 2016 |
| V. | APPEAL FROM THE SHARP<br>COUNTY CIRCUIT COURT<br>[NO. PR-11-119] |
| ESTATE OF DELETA E. COLLINS,<br>ALPHALEDA VAUGHN, KENNETH<br>VAUGHN, BARRY WILKINSON,<br>BEVERLY WILKINSON, BARBARA<br>POORMAN, LARRY COLLINS,<br>BARBARA COLLINS, and TERA<br>WINELAND<br>APPELLEES | HONORABLE PHILIP SMITH,<br>JUDGE<br><br>REMANDED TO SETTLE AND<br>SUPPLEMENT THE RECORD;<br>REBRIEFING ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Clarry Foster brought a constructive-trust claim against the appellees, who are the estate of her deceased mother and other relatives[1], in the Sharp County Circuit Court. The court entered an order dismissing Clarry's constructive-trust claims against the appellees on the basis of laches and addressing other claims filed by both parties. Clarry appeals that order. Because of multiple deficiencies with the record, abstract, addendum, and brief, however, we are unable to reach the merits of her argument at this time.

---

[1] The appellees are the estate of Deleta Collins, Alphaleda Vaughn, Kenneth Vaughn, Barry Wilkinson, Beverly Wilkinson, Barbara Poorman, Larry Collins, Barbara Collins, and Tera Wineland. For simplicity's sake, we refer to them collectively as appellees.

While we do not address the merits of Clarry's arguments, we must set out the extensive and somewhat confusing background of this case in order to aid in understanding the importance of these deficiencies. Clarry was severely injured in a car wreck in Michigan in July 1957. Her father was appointed as her guardian and settled her claim in 1958. In her complaint in the instant case, Clarry contended that the settlement was for $26,000.[2] She further asserted that the settlement proceeds were used to pay off the mortgage on the family farm in Paragould, that the farm was eventually sold, and that the proceeds were converted into certificates of deposit (CDs),[3] which were apparently placed in the name of Clarry's mother, Deleta Collins. Lastly, Clarry claimed that the other appellees obtained the CDs by fraud, duress, undue influence, and breach of fiduciary duty. These actions allegedly occurred in the early 1990s. Based on these contentions, Clarry requested that the circuit court impose a constructive trust by operation of law.

Appellees filed an answer, affirmatively pleading laches, the statute of limitations, the failure to state a cause of action, and failure to plead fraud with specificity. Appellees also filed a motion to dismiss on the grounds of laches. The court granted the motion to dismiss on the grounds of laches, but did not address the remaining questions of how to distribute Deleta's estate, what the assets of the estate were, and any argument regarding fraud, duress,

---

[2] Court documents from the time, however, indicate that the settlement was for $13,500.

[3] Clarry's complaint alleged that the CDs were valued at $62,000.

or undue influence. These other issues were disposed of in a later-entered order, discussed below.

With this contextual information, we now turn our attention to the deficiencies with the record, abstract, addendum, and brief. With respect to the record, it fails to contain two necessary orders: an order of consolidation and an order of dismissal. To understand the necessity of these missing orders, some additional background information is helpful. At some point in 2009, a lawsuit captioned *Deleta Collins v. Alphaleda Vaughn, et al.*, No. CV-2009-231, was filed in the Sharp County Circuit Court. According to all parties, the circuit-court suit was at some point consolidated with the probate suit that forms the basis of the instant appeal. However, this order directing consolidation of the separate cases filed in the probate division (No. PR-2011-119) and the civil division (No. CV-2009-231) of the Sharp County Circuit Court is not found in the record.

Likewise, the record does not contain the original order granting appellees' motion to dismiss. The court held a hearing on the appellees' motion to dismiss in October 2012. The court granted the motion, finding that any claim arising from the misappropriation of funds in the 1950s was barred. The court asked appellees' counsel to prepare an order; however, no such order from the October 2012 hearing appears in the record. Nonetheless, an order was apparently entered, because Clarry filed a motion for reconsideration that specifically referred to the order. The record likewise does not reflect whether Clarry's motion for reconsideration was ever ruled on or disposed of by the court at that time.

3

The court did, however, conduct a hearing in June 2014. At the end of that hearing, the court denied Clarry's motion for reconsideration on the issue of laches, reasoning that the accident and the settlement occurred in the 1950s, and that "statutorily and by common law the time for raising those issues [has] long since passed." The court asked counsel for the appellees to prepare an order.

Although no order was entered at that time, Clarry nonetheless filed a notice of appeal on July 14, 2014, purporting to appeal the court's June 16, 2014 judgment. It is unclear from the briefs, but apparently there were some objections to the proposed precedent and issues over the sale of some personal property.[4] The court finally entered an order on May 28, 2015, incorporating its rulings from the June 2014 hearing. Clarry filed another notice of appeal on June 25, 2015, stating that she was appealing the "June 16, 2014 order . . . which was . . . filed on May 28, 2015." The missing order from the October 2012 hearing, however, is what seems to have started the chain reaction for the subsequent hearings and orders. It is essential to our understanding of this appeal.

Regarding deficiencies in the abstract, Supreme Court Rule 4–2(a)(5)(A) specifies that "[a]ll material parts of all hearing transcripts, trial transcripts, and deposition transcripts must be abstracted, even if they are an exhibit to a motion or other paper." The transcripts in the record of this case total 292 pages; Clarry's abstract, however, is only 29 pages long. In particular, the deposition testimony of Alphaleda Vaughn covers nearly 100 pages in the

---

[4] Appellees sent a letter to the court in May 2015, stating they had sent the court a proposed order in August 2014. The letter states that a copy of the precedent was attached, but it likewise does not appear in the record.

record, but the abstract of her testimony is a mere four pages long. Comparison of the two reveals statements taken out of context and missing discussions of the sources of money in Alphaleda's bank accounts.

Regarding the addendum, Clarry failed to include her original complaint and the appellees' answer. Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) states that the addendum must include the pleadings, which include the complaint and answer.

Finally, Clarry's brief is deficient in several respects. Over half of the brief consists of first-person summaries of deposition testimony. In the portion summarizing the June 2014 hearing, Clarry provides page references only to the record, not the abstract, in violation of Ark. Sup. Ct. R. 4-2(a)(7) ("Reference in the argument portion of the parties' briefs to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found."). Her summary of the October 2012 hearing contains citation to neither the record nor the abstract. Moreover, there are references in the brief to sweeping swaths of pages of the record and addendum.[5] We will order rebriefing when our efforts to examine relevant parts of the testimony and evidence are frustrated by the lack of proper references. *See Metro Empire Land Ass'n, LLC v. Arlands, LLC*, 2012 Ark. App. 132; *King v. Baxter Cty. Reg'l Hosp.*, 79 Ark. App. 97, 86 S.W.3d 13 (2002).

---

[5] For example, the first paragraph on page three of Clarry's brief cites to "R. 558–639" and "Add. 168–219."

On appeal, Clarry contends that the circuit court erred in denying her "request to reconsider the issue of the existence of a constructive trust based on laches." As noted above, however, we are unable to address the merits of her argument at this time because of multiple deficiencies in her record, abstract, addendum, and brief. We therefore remand to settle and supplement the record with the above-described orders. We also order rebriefing to include all necessary documents in the addendum, and we direct counsel to scrutinize the abstract to ensure that it contains "all material parts of all . . . transcripts" in accordance with Rule 4-2(a)(5)(A) and the brief to ensure that it complies with Rule 4-2(a)(7).

We direct appellant to file with our clerk's office, within thirty days from the date of this order, a certified, supplemental record. *See* Ark. R. App. P.–Civ. 6(e) (2015); *McCoy v. Jackson*, 2011 Ark. App. 456. Upon filing the supplemental record, appellant shall have fifteen days in which to file a substituted abstract, addendum, and brief. *See* Ark. Sup. Ct. R. 4-2(b)(3) (2015). We encourage appellate counsel to review our rules to ensure that no additional deficiencies are present, and we caution counsel that if there is a failure to file a complying abstract, addendum, and brief within the prescribed time, the judgment may be affirmed for noncompliance with the rule. Ark. Sup. Ct. R. 4-2(b)(3).

Remanded to settle and supplement the record; rebriefing ordered.

HARRISON and BROWN, JJ., agree.

*Larry J. Steele, PLC*, by: *Larry J. Steele*, for appellant.

No response.