SLIP OPINION

Cite as 2016 Ark. App. 490

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–1033

| | | |
|---|---|---|
| | | **Opinion Delivered** October 19, 2016 |
| JOHNNY WARREN | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION |
| V. | | [NO. 60CV-12-2596] |
| ANTHONY FRIZELL | APPELLEE | HONORABLE ALICE S. GRAY, JUDGE |
| | | REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Johnny Warren sued appellee Anthony Frizell for negligence after Frizell rear-ended Warren in an automobile accident. A jury trial took place on January 7, 2015. At the conclusion of the trial, the jury returned a verdict in Frizell's favor. A judgment based on the jury's verdict was filed on July 15, 2015, dismissing Warren's complaint with prejudice. Warren filed a motion for a judgment notwithstanding the verdict (JNOV) and for a new trial on July 21, 2015. The court never acted on the motion, and it was deemed denied after thirty days. Warren filed a timely notice of appeal on September 17, 2015. On appeal, Warren argues that (1) the trial court erred when it did not enter a judgment in favor of Warren for his medical expenses and (2) the trial court erred by denying Warren's motion for a new trial. Frizell cross-appeals, arguing that the trial court erred in finding that Frizell was

not contesting that Warren's medical treatment was reasonable and necessary and that Warren needed to be off work.[1]  We are unable to reach the merits of the parties' arguments at this time due to deficiencies in Warren's brief.

In the argument section of Warren's brief, he provides page references only to the record, not the abstract or addendum,[2] in violation of our rules.  Arkansas Supreme Court Rule 4-2(a)(7)[3] provides that reference in the argument portion of the parties' briefs to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found.  Because Warren has failed to provide us with proper page references in the argument, we order rebriefing.[4]

Warren has fifteen days from the date of this opinion to file a substituted abstract, brief, and addendum.[5]  We encourage appellate counsel to review our rules to ensure that no additional deficiencies are present.

Rebriefing ordered

VAUGHT and HIXSON, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.
*Laser Law Firm*, by: *Kevin Staten* and *Brian A. Brown*, for appellee.

---

[1]Frizell notes that this cross-appeal is filed in an abundance of caution in the event this court decides to order remand on direct appeal.

[2]Although references in the argument to the addendum are preceded by ADD, they actually reference the record page of those documents.

[3](2015).

[4]*See Foster v. Estate of Collins*, 2016 Ark. App. 302 (stating that we will order rebriefing when our efforts to examine relevant parts of the testimony and evidence are frustrated by the lack of proper references).

[5]Ark. Sup. Ct. R. 4-2(b)(3).

SLIP OPINION