SLIP OPINION



# ARKANSAS COURT OF APPEALS
DIVISION III
№. CV–16–917

| | |
|---|---|
| TAMI THOMAS DARR<br>APPELLANT<br><br>V.<br><br>FRANCIS JEAN BILLEAUDEAU<br>APPELLEE | **Opinion Delivered:** October 4, 2017<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>FIFTEENTH DIVISION<br>[NO. 60PR–14–772]<br><br>HONORABLE RICHARD MOORE,<br>JUDGE<br><br>REBRIEFING ORDERED |

**RITA W. GRUBER, Chief Judge**

This case involves a will contest, but we do not consider the appeal at this time because of briefing deficiencies. Accordingly, we order rebriefing.

Stephen Michael Herman passed away on April 18, 2014, leaving a will that he executed on January 14, 2014. The sole beneficiary and named executor under the will was appellant, Tami Thomas Darr, whose mother had been married to Mr. Herman for three years in the 1970s. Appellee, Francis Jean Billeaudeau, Mr. Herman's half-sister, filed a motion to contest the probate of the will and to remove Ms. Darr as the executor, alleging that Ms. Darr procured the will; Mr. Herman lacked the testamentary capacity to properly execute the will; and the will was the product of undue influence by Ms. Darr. After a hearing, the circuit court found that Ms. Darr had procured the will and had failed to rebut the presumptions that Mr. Herman lacked testamentary capacity and that the will was obtained through undue influence. The court set aside the will, removed Ms. Darr as

executor, and approved appellee's nomination of appellee's son as personal representative of Mr. Herman's estate.  Ms. Darr filed this appeal from the circuit court's order.

Arkansas Supreme Court Rule 4-2 requires references in the argument to material found in the abstract and addendum to "be followed by a reference to the page number of the abstract or addendum at which such material may be found." Ark. Sup. Ct. R. 4-2(a)(7) (2016). Appellant's argument section, which consists of 22 pages, contains numerous references to evidence with no page references to either the abstract or addendum. There are a few places in the argument section where it appears counsel intended to include a page reference—one reference stating, "**INSERT**" and one reference stating, "**R., Add**"—but no page number appears. Finally, there are two page references to the addendum—one in the statement of the case and one in the conclusion—that appear to refer to an order but actually refer to medical records. The requirements of Rule 4-2(a)(7) aid the appellate court in following the arguments and enable it to determine whether there is merit in any alleged points of error. We will order rebriefing when our efforts to examine relevant parts of the testimony and evidence are frustrated by the lack of proper references. *Foster v. Estate of Collins*, 2016 Ark. App. 302, at 5; *see also Jones v. Jones*, 2015 Ark. App. 468 n.7, 469 S.W.3d 402 n.7.

We order appellant to cure the deficiency by submitting a substituted brief in compliance with our rules, with proper citation to the abstract and addendum, within fifteen days from the date of entry of this order. We also advise counsel to examine our rules to ensure that no other briefing deficiencies exist.



Rebriefing ordered.

WHITEAKER and BROWN, JJ., agree.

*Oscar Hirby* and *Robert S. Tschiemer*, for appellant.

*Kamps & Stotts, PLLC*, by: *David W. Kamps* and *Adrienne M. Griffis*, for appellee.